985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. MILLER, Plaintiff-Appellant,
v.
UNITED STATES BUREAU OF PRISONS; Warden, Federal
Correctional Institution, Ashland, Kentucky,
Defendants-Appellees.
 No. 92-5989.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 James R. Miller, a pro se federal prisoner, appeals from the district court's dismissal of his petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After being found guilty of possession of a narcotic by a Department of Corrections hearing officer, Miller filed his petition for a writ of mandamus seeking to have that finding expunged. Miller contends that the finding of guilt was based upon insufficient evidence, thus violating his due process rights. The magistrate judge's report and recommendation determined that Miller had not shown a clear and indisputable right to the relief sought, and therefore determined that mandamus was not an appropriate basis for jurisdiction. The magistrate judge proceeded to determine whether jurisdiction was appropriate pursuant to 28 U.S.C. § 1331 and pursuant to Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971). After due consideration, the magistrate judge recommended that Miller's action should be dismissed, sua sponte, pursuant to 28 U.S.C. § 1915(d). Over Miller's objections, the district judge adopted the report and recommendation as the opinion of the court, and dismissed Miller's petition.
 
 
 3
 On appeal, Miller contends that the lower court incorrectly decided that mandamus was not an appropriate remedy. He also complains of the treatment of his petition as a Bivens action.
 
 
 4
 "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States District Court, 426 U.S. 394, 402 (1976). A petitioner has the burden of demonstrating that he has a "clear and indisputable" right to the issuance of the writ. Id. at 403.
 
 
 5
 Upon review, we agree with the lower court that petitioner failed to show a clear and indisputable right to the issuance of the writ. Petitioner has wholly failed to demonstrate an extraordinary situation in which the remedy of mandamus should be invoked. We express no opinion as to the propriety of treating Miller's petition as anything other than a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651.
 
 
 6
 Accordingly, we affirm the dismissal of the petition on the ground that petitioner has not shown a clear and indisputable right to the issuance of a writ of mandamus, and deny Miller's request for appointment of counsel. Rule 9(b)(3), Rules of the Sixth Circuit.